UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DOVID MISONZHNIK, on behalf of himself :
and all other similarly situated consumers, :
:
                Plaintiff, : **SUMMARY ORDER**
: 17-CV-5688 (DLI) (RML)
    -against- :
:
CENTRAL CREDIT SERVICES LLC, :
:
                Defendant. :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

    Plaintiff Dovid Misonzhnik ("Plaintiff") brought this case against Central Credit Services LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), on September 28, 2017. The basis of Plaintiff's claim is a collections letter from Defendant dated November 25, 2016, which Plaintiff contends is "likely to be misconstrued by the 'least sophisticated consumer….'" Compl., Dkt. Entry No. 1.

    This Court learned that, on May 18, 2017, prior to filing the instant action, Plaintiff filed for Chapter 7 Bankruptcy in the Eastern District of New York. *See In re Misonzhnik*, No. 17-42516-nhl (Bankr. E.D.N.Y.). In the bankruptcy schedule Plaintiff filed on May 22, 2017, he failed to disclose any "[c]laims against third parties, whether or not [he had] filed a lawsuit or made a demand for payment," and although he listed "[p]otential FDCPA claim(s)" elsewhere on the schedule, he valued them at $0.00. *See In re Misonzhnik*, Dkt. Entry Nos. 12, 33, 53; *See also Misonzhnik v. Alltran Fin., LP*, No. 17-cv-6683 (BMC), Dkt. Entry No. 15 (E.D.N.Y. Mar. 14, 2018).

    Pursuant to *Chartschlaa v. Nationwide Mutual Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008), and *Payne v. Wood*, 775 F.2d 202, 206 (7th Cir. 1985), Plaintiff was required to disclose potential

FDCPA claims and their value. Such a failure to disclose bars Plaintiff, by judicial estoppel, from asserting these claims at a later date. *See Misonzhnik v. Alltran Fin., LP*, Dkt. Entry No. 15; *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 58-59 (S.D.N.Y. 1999). Accordingly, on April 9, 2018, this Court ordered Plaintiff to show cause why the instant case should not be dismissed. *See* Order to Show Cause, Apr. 9, 2018. Moreover, because the same attorney who brought the instant action on behalf of Plaintiff also filed Plaintiff's Chapter 7 petition, the Court ordered counsel to show cause why counsel should not be sanctioned for violating Federal Rule of Civil Procedure 11. *Id.*

The Court notes that, in at least one other case brought in this district, Plaintiff's wife, Naomi Misonzhnik, similarly asserted FDCPA claims after failing to disclose them on the same Chapter 7 bankruptcy schedule. *See Misonzhnik v. Alltran Fin., LP*, Dkt. Entry No. 15. As a result of this failure to disclose, that action was dismissed by the Hon. Brian M. Cogan, U.S.D.J., on March 14, 2018. *See Id.*

Plaintiff responded by letter on April 27, 2018 to the Court's Order to Show Cause. *See* Resp. to Order to Show Cause, Dkt. Entry No. 14 ("Response"). He argues primarily that: (1) Judge Cogan erred in dismissing the action before him,[1] and (2) despite valuing potential FDCPA claims at "$0.00," Plaintiff's bankruptcy schedule was sufficient to put the bankruptcy trustee on "inquiry notice" regarding the potential claims. *See* Resp. at 1, 3-5.

---

[1] Plaintiff has filed a notice of appeal from Judge Cogan's decision.

This Court concurs with Judge Cogan's decision in *Misonzhnik v. Alltran Fin., LP*. Although that decision is not binding because it was issued by a court of concurrent jurisdiction, this Court finds it persuasive, as it is consistent with the case law of this Circuit noted above. Accordingly, Plaintiff's claim is dismissed. As to sanctions, while counsel clearly was mistaken in his belief that Plaintiff adequately disclosed the instant FDCPA claim in his bankruptcy petition, there is no reason to believe that counsel's mistake was not made in good faith. Therefore, sanctions are not imposed.

SO ORDERED.

Dated: Brooklyn, New York
 May 8, 2018

/s/
DORA L. IRIZARRY
Chief Judge